UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br>                              Petitioners,<br><br>           -against-<br><br>BP INTERIORS CORP.,<br>                              Respondent. | 23-cv-1321 (ALC)<br><br>OPINION & ORDER |

**ANDREW L. CARTER, JR.,** United States District Judge:

Petitioners seek confirmation of an arbitration award entered against Respondent BP Interiors Corp. Respondent has not opposed the Petition. For the reasons set forth below, the Petition is **GRANTED**.

## BACKGROUND

Before the Court is a Petition for a confirmation of an arbitration award pursuant to a collective bargaining agreement ("CBA") involving the New York City District Council of Carpenters ("Union") and BP Interiors Corp. ("Respondent"). Petitioners include the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund, and The Carpenter Contractor Alliance of Metropolitan New York ("Petitioners" and/or the "Funds"). ECF No. 1, Petition to Confirm an

1

Arbitration Award ("Pet.") ¶¶ 4–6. Respondent is a corporation incorporated under the laws of New York. *Id.* ¶ 7.

At all relevant times, Respondent was a member of the Wall-Ceiling & Carpentry Industries of New York, Inc. (the "Association"). *Id.* ¶ 9; *see also* ECF No. 1-1. As a member of the Association, Respondent agreed to be bound to all of the agreements entered into between the Association and Union; the relevant CBA between the Association and the Union covered the period July 1, 2017 through June 30, 2024. Pet. ¶ 10; *see also* ECF No. 1-2. The CBA requires Respondent to make contributions to the Funds for all of the work within the Union's trade and geographical jurisdiction. Pet. ¶ 11; ECF No. 1-2 at Art. XVII § 1. Moreover, the CBA binds employers to the documents, policies, and regulations adopted by the Funds' trustees. Pet. ¶ 12; ECF No. 1-2 at Art. XVII § 5; ECF Nos. 1-3–1-6.

The Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). Pet. ¶ 13; *see also* ECF No. 1-7. The CBA and Collection Policy require Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure Respondent's compliance with required benefit fund contributions. *See* ECF No. 1-2 at Art. XVII § 1(a); *see also* ECF No. 1-7 § IV. If an employer—like Respondent—fails to comply with an audit, the Funds are entitled to "determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period. . . . A determination under this paragraph shall constitute presumptive evidence of delinquency." ECF No. 1-7, § IV (12). The

Collection Policy and the documents and instruments governing the Funds provide for the resolution of disputes via arbitration.[1] *See* ECF Nos. 1-3–1-6; *see also* ECF No. 1-7, § VI (1, 2).

Pursuant to the CBA and the Collection Policy, the Funds conducted an audit of Respondent covering the period April 14, 2020 through June 22, 2021 (the "Audit"), which showed that Respondent had failed to remit contributions in the principal amount of $66,586.42. Pet. ¶ 18. After the Audit, it was determined that Respondent also owed non-Audit contributions in the principal amount of $8,107.11. *Id.* ¶ 19.

Respondent refused to pay the aforementioned contributions and Petitioners then initiated arbitration proceedings. *Id.* ¶¶ 20–21. On November 16, 2022, the arbitrator issued an award in Petitioners' favor (the "Award"). *Id.* at ¶ 22; ECF No. 1-9. The arbitrator found that Respondent violated the CBA when it failed to remit accurate and timely contributions to the Funds and ordered Respondent to pay $103,443.12, consisting of the principal Audit deficiency, interest, liquidated damages, as well as fees and costs. Pet. ¶ 23. Moreover, the arbitrator found that interest on the Award would be assessed at the rate of 6.75%. *Id.* ¶ 24. Respondent did not comply with the Award. *Id.* ¶ 25.

On February 16, 2023, Petitioners brought this petition, seeking an order confirming the Award and granting judgment in the amount of $103,443.12, plus interest thereon at 6.75% from November 16, 2022 through the date of the judgment, as well as $1,991.50 in attorney's fees and $77 in costs arising out of the Petition. Pet. ¶ 38. On May 16, 2023, the Court issued an order to

---

[1] Additionally, the CBA and Collection Policy provide that, if the Funds are required to arbitrate a dispute or file a lawsuit over unpaid contributions—including an estimated delinquency—the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys' fees incurred by the Funds for all time spent in collection efforts. *See* ECF No. 1-2, Art. XVII § 10 (a, b); ECF No. 1-6, §§ IV (11), V (4-6).

show cause as to why the Petition should not be considered unopposed and directed Respondent to file any opposition by May 31, 2023. ECF No. 12. Respondent has not submitted any response to the petition.

## DISCUSSION

### I.     Legal Standard

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006); *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14-cv-8420, 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (internal quotation mark omitted). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. provides a "streamlined" process for parties seeking "a judicial decree confirming an award." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"[D]efault judgments in the confirmation/vacatur [of arbitration] proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, the court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id*. at 110 (internal quotation marks and citations omitted). Courts must give great deference to an arbitrator's decision. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award. *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted).

Courts in this circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109-10. To prevail, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must

4

view all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted); *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)) (internal quotation mark omitted). Moreover, even when a motion is unopposed, a court nevertheless:

> [M]ay not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-cv-5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

**II.   Analysis**

    **A. Confirmation of the Award**

Under this standard, the Court confirms the Award its entirety. Summary judgment is warranted, as Petitioners have shown there is no dispute of material issues of fact. The arbitrator acted within the scope of his authority and found that Petitioners presented "substantial and credible evidence" that BP Interiors Corp. was required to make certain contributions to the Funds (as required by the CBA), and that it failed to do so. ECF No. 1-9 at 3. Likewise, the arbitrator's award regarding interest, liquidated damages, non-audit late payment interest,

assessments to the promotional fund, attorneys' fees and court costs is supported by the CBA. *See generally* ECF No. 1-2. Therefore, there is at least a "barely colorable" justification for each component of the arbitrator's award. *D.H. Blair*, 462 F.3d at 104. Accordingly, the Court confirms the Award in favor of petitioners, for a total amount of $103,443.12

### B. Attorneys' Fees in this Action

In addition to the Award, petitioners also request fees and costs incurred in bringing the instant Petition. Pet. ¶ 38. In actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (quoting *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)).

Here, Respondent has neither complied with the Award nor offered cause for its failure to do so. Given Respondent's failure to appear for arbitration and in this matter, and Respondent's failure to show good cause for its failure to abide by the arbitrator's award, an award of reasonable attorney's fees in the amount of $1,991.50 is an appropriate equitable remedy. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jaidan Indus. Inc.*, No. 20-cv-7008, 2021 WL 4459231 (S.D.N.Y. Sept. 29, 2021) (granting attorney's fees of $1,868 in action to confirm an arbitration award where respondent did not appear); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc.*, No. 16-cv-6004, 2016 WL 7335672 (S.D.N.Y. Dec. 16, 2016) (granting attorney's fees of $11,992.98 in action to confirm an arbitration award where respondent did not appear). Petitioners also seek the recovery of $77 in service fees incurred in this action. Pet. ¶ 40. The attorneys' fees and costs sought in this case are reasonable and, accordingly, Petitioners' request is GRANTED.

### C. Post Judgment Interest

Petitioners also seek post-judgment interest. Pet. ¶ 38. Federal law provides a standard formula for calculating interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). Therefore, the Court also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons set forth above, Petitioners' motion to confirm the arbitration award is granted. The Clerk of Court is directed to award judgment in favor of the Petitioners and against Respondent in the amount of $103,443.12 pursuant to the November 16, 2022 Award with interest to accrue at the rate of 6.75% from the date of the Award, pursuant to the arbitrator's Award, plus $1,991.50 in attorneys' fees and $77 in costs arising out of this petition, and post-judgment interest at the statutory rate. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:  October 9, 2025**
     New York, New York                              **ANDREW L. CARTER, JR.**
                                                     **United States District Judge**